UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACIA GREEN,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES, et al.,

    Defendants.
_____/

Hon. Robert J. Jonker

Case No. 1:25-cv-378

## REPORT AND RECOMMENDATION

Plaintiff Stacia Green filed a pro se complaint against Defendants Michigan Department of Health and Human Services (DHHS) and its Office of Inspector General on April 4, 2025. Green alleges claims pursuant to 42 U.S.C. § 1983 for violation of her right to due process under both the Fifth and Fourteenth Amendments, violation of her right to equal protection under the Fourteenth Amendment, invalid waiver of rights under the Fifth and Fourteenth Amendments, vagueness in administrative regulations in violation of the Fifth Amendment, and violation of the Takings Clause of the Fifth Amendment. Green's claims arise out of Defendants' efforts to recover overpayment of Medicaid funds DHHS paid Plaintiff for performing home-based personal services to Medicaid beneficiaries. For relief, Green seeks a declaration that Defendants violated Plaintiff's due process and equal protection rights under the Fifth and Fourteenth Amendments and that the waiver in the parties' settlement agreement was invalid, return of $12,480.17 in funds that DHHS seized from Plaintiff, compensatory and punitive damages, and an injunction directing Defendants to cease their unlawful actions. (ECF No. 1 at PageID.17 and 19.)

On April 7, 2025, I granted Green's motion to proceed *in forma pauperis*. (ECF No. 5.) Accordingly, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Based on this review, I recommend that the complaint be dismissed without prejudice because Defendants are entitled to immunity under the Eleventh Amendment.

## I. Background

The Michigan Court of Appeals (MCOA) set forth the facts pertaining to Green's dispute with Defendants as follows:

> Green is the owner of Royal Care Homecare, LLC, which provides home-based personal services to Medicaid beneficiaries. Both Green and Royal Care are enrolled Medicaid Providers. Between May 2015 and December 2018, they received $90,246.38 in Medicaid reimbursement payments from the Department. Subsequently, the Department initiated a post-payment review of the payments made to Green and Royal Care for the latter period. After receiving the requested documentation, the Department determined that Royal Care had been overpaid $13,826.91. Green contested responsibility in part. The Department reconsidered its initial findings and determined that Royal Care had been overpaid $13,153.53.
>
> Green requested a hearing before an administrative law judge (ALJ). After a hearing, the ALJ issued a proposed final decision (PFD) concluding that the Department's recoupment decision should be upheld. Green filed exceptions, but the Director of the Department adopted the PFD in its entirety and issued a Final Order upholding the recoupment demand.
>
> In April 2020, Green and Royal Care appealed the decision in the Kent Circuit Court. In March 2021, the Kent Circuit Court sent Green a notice of deficiency for failure to file her brief and perfect her appeal. Because Green failed to timely remedy the deficiency the court entered an order dismissing the appeal. Thereafter, the court denied Green's motion to re-open the case.
>
> Green filed two more petitions in the Kent Circuit Court seeking review of the Department's Final Order. The Department moved for dismissal on the basis that the circuit court lacked jurisdiction. The court agreed and dismissed Green's petitions. Green did not appeal that decision to this Court.
>
> Approximately seven months later, the Department filed suit against Green and Royal Care in Ingham Circuit Court to enforce the Final Order. The parties entered

2

into a stipulation that Green and Royal Care would pay the Department $10,943.26 over a 24-month period. The Ingham Circuit Court entered the stipulation as a final order. Green, however, did not make any of the required payments and, three months later, moved to stay the execution of the stipulation. That motion was denied. Ultimately, the Department sought to satisfy the final order by offsetting Green and Royal Care's Medicaid payments.

In August 2023, Green initiated a new action in the Court of Claims, naming the Department and the OIG as defendants. Defendants responded by moving for summary disposition, arguing that the Court of Claims lacked subject-matter jurisdiction. They further contended that res judicata and collateral estoppel barred Green's claims, and that the parties' stipulation effectuated a waiver of her claims. The Court of Claims agreed and granted summary disposition to defendants.

*Green v. Dep't of Health & Human Servs.*, No. 368269, 2024 WL 4834652, at *1 (Mich. Ct. App. Nov. 19, 2024).[1]

The MCOA affirmed the Court of Claims decision that it lacked jurisdiction over Green's action. *Id.* at *3. It noted, however, that Green could file a petition for review of the DHHS's final order in the Ingham County Circuit Court pursuant to Michigan's Administrative Procedures Act, or she could seek review under Mich. Comp. Laws § 600.631 either in the Ingham County Circuit Court or the circuit court of the county in which she resided—Kent County. *Id.* Green apparently did not file a petition for review in either court. Instead, she initiated the instant federal court action against Defendants.

## II. Discussion

Green's claims against Defendants—the DHHS and its Office of Inspector General—are barred in this Court by the Eleventh Amendment. Regardless of the form of relief requested, the States and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity, or Congress has expressly abrogated Eleventh

---

[1] Green and Royal Care Homecare LLC previously filed an action in this Court in May 2023 against the State of Michigan, DHHS, and the Office of Inspector General seeking relief from DHHS's efforts to collect the overpayment. *Green v. State of Michigan*, No. 1:23-cv-485 (W.D. Mich.). The action was dismissed on initial screening.

3

Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The State of Michigan's participation in the Medicaid program, alone, is insufficient to waive its Eleventh Amendment immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ("The mere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts."); *Davidson v. Howe*, 749 F.3d 21, 28 (1st Cir. 2014) (noting that "[s]tates do not waive their Eleventh Amendment immunity merely by participating in the Medicaid program") (internal quotation marks omitted); *David Nursing Home v. Michigan Dep't of Soc. Servs.*, 579 F. Supp. 285, 287–88 (E.D. Mich. 1984) (observing that Michigan's participation in the Medicare program was "insufficient to [give] rise to such a waiver") (citing *Florida Dep't of Health v. Florida Nursing Home Ass'n*, 450 U.S. 147 (1981)). Because DHHS and its Office of Inspector General constitute an agency of the State of Michigan, they are entitled to Eleventh Amendment immunity as to Plaintiff's claims. *See Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 732 (6th Cir. 2022) (noting that "MDHHS is entitled to invoke sovereign immunity against Plaintiffs' suit because it is a state agency").

### III.  Conclusion

Accordingly, for the reasons set forth above, I recommend that the Court dismiss this action without prejudice. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (a dismissal on the basis of Eleventh Amendment immunity should be made without prejudice).

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: April 15, 2025                                    /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).